## Gregory, Appellant, *v.* Russo.

*Practice—Summary judgments—Assumpsit—Assumpsit to recover rent.*

In an action of assumpsit by a lessor for rent due under a written lease, judgment for want of a sufficient affidavit of defense will be refused, where it appears that the rights arising from the complicated relations of the parties, as set forth in documentary evidence and an alleged oral agreement, can only be satisfactorily determined on a trial.

Summary judgments are entered only in clear cases.

Argued December 14, 1925. Appeal No. 356, October T., 1925, by plaintiff, from judgment of C. P. No. 4, Philadelphia County, June T., 1925, No. 10698, in the case of Edward B. Gregory v. Guiseppe Russo. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover rent due under a written lease. Before AUDENRIED, P. J., FINLETTER, and McCULLEN, JJ.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The rule was discharged. Plaintiff appealed.

*Error assigned,* was the order of the court.

*David Mandel, Jr.,* and with him *Alvin L. Levi* and *Julius C. Levi,* for appellant.

*Joseph Marinelli,* for appellee.

OPINION BY HENDERSON, J., February 26, 1926:

The plaintiff has appealed from the refusal of the court to enter judgment for want of a sufficient affidavit of defense. The defendant was surety for the

lessee on a lease given to Maffei by the plaintiff as agent for Giannini, and the action was brought to recover on the alleged default of the lessee. From the affidavit of defense it appears that Giannini owned a theatre called "Verdi Hall" and that he had an interest with one Avella in another called the "D'Annunzio." Giannini had arranged verbally to rent Verdi Hall to Maffei, but this was to be done on condition that the latter would not exhibit pictures at his theatre which had not been first exhibited at the D'Annunzio. Giannini also desired security from Maffei which the defendant was willing to give subject to certain conditions. Thereupon the four documents referred to in the statement and affidavit of defense were entered into. It is stated in the lease that the property is to be used as a picture theatre subject to the restrictions contained in articles of agreement between the lessor and Avella, parties of the first part, and Maffei of the other part. Under this agreement Maffei promised that he would not present any pictures on the leased premises which had not theretofore been exhibited at the D'Annunzio theatre, and in consideration of this concession Giannini and Avella agreed to pay to Maffei $15 a week "during the said term of any renewal, made the 15th of September, 1924" between the agent of Giannini and Maffei, lessee. On the same day Maffei assigned his interest in the lease to the defendant to secure him against loss through his suretyship. These papers are apparently so interlocked as to be admissible in support of the defense set forth. An oral agreement is also asserted by the defendant under which contemporaneously with the execution of the lease, Giannini agreed that he would pay to the defendant the $15 contracted to be paid to Maffei in accordance with the assignment by Maffei to the defendant. It is further alleged that on January 26, 1925, it was orally and mutually agreed by the parties to the lease that it be forthwith terminated, as a re-

sult of which the payment of rent after that date ceased. The defendant further alleges that Giannini thereafter ceased to make payments of $15 a week on account of his contract with Maffei. The lease being for a year only could be abrogated by a parol agreement. The learned judge of the court below was of the opinion that on the record as set forth, the plaintiff was not entitled to judgment and we entertain a like view. Such judgments are only entered in clear cases, and here the complicated relations of the parties as set forth in the documentary evidence and the alleged oral agreement, and the rights arising therefrom can only be satisfactorily determined on a trial.

The assignment is overruled and the appeal dismissed without prejudice.